UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE MEJIA,<br>*Plaintiff,*<br><br>v.<br><br>ABRAHAM, WATKINS, NICHOLS,<br>AGOSTO, AZIZ & STOGNER<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff Jose Mejia and files this Original Complaint against Defendant Abraham Watkins Nichols Agosto Aziz & Stogner ("AW").

### I.   INTRODUCTION

Plaintiff Jose Mejia suffered severe injuries at work. Mr. Mejia hired AW to represent him in a personal injury case. They entered into an engagement agreement in which AW agreed to fully represent Mr. Mejia and prosecute his claims. AW did a pitiful job and thereby committed a material breach of the parties' contract. When it became clear that AW was either unwilling or incapable of adequately representing Mr. Mejia, he fired AW. Despite doing such a poor job, AW has asserted that it is entitled to a portion of any recovery Mr. Mejia obtains through the efforts of his new lawyers.

Mr. Mejia files this diversity action to, among other things, rescind the engagement agreement with AW—which is a remedy for a material breach of contract—and establish that AW was terminated for good cause. As result, AW is not entitled to a portion of any recovery Mr. Mejia obtains.

1

## II.   PARTIES

1. Plaintiff Jose Mejia is a citizen of Honduras who has not received permanent residence in the United States.

2. Defendant Abraham Watkins Nichols Agosto Aziz & Stogner ("AW") is a general partnership that may be served by serving its partners. All of AW's partners are citizens of Texas and may be served as follows:

- Benny Agosto, Jr., PC is a Texas corporation and its principal place of business is in Houston, Texas. Benny Agosoto, Jr. PC may be served by serving its registered agent, Benny Agosto, Jr., at 800 Commerce Street, Houston, Texas 77002.
- Muhammad S. Aziz, P.C. is a Texas corporation and its principal place of business is in Houston, Texas. Muhammad S. Aziz, PC may be served by serving its registered agent, Muhammad S. Aziz, at 800 Commerce Street, Houston, Texas 77002.
- Brant J. Stogner, P.C. is a Texas corporation and its principal place of business is in Houston, Texas. Brant J. Stogner, P.C. may be served by serving its registered agent, Brant J. Stogner, at 800 Commerce Street, Houston, Texas 77002.

## III.   JURISDICTION & VENUE

3. The district court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a)(2). The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a citizen of Honduras. Defendant is Texas General Partnership and each of its partners is a citizen of the State of Texas.

4. Venue is proper before this Court under 28 U.S.C. § 1391(b)(1)&(2) because Defendant resides within the Southern District of Texas and because a substantial part of the events and omissions giving rise to Mr. Mejia's claims occurred within the district.

## IV.   BACKGROUND

5. Plaintiff Mr. Mejia, a HVAC laborer, suffered an electrical shock on a job site in August 2021. Mr. Mejia sustained serious and permanent injuries, including: loss of vision; loss

of hearing; headaches; and pain and weakness in his extremities. His treating physician has opined that Mr. Mejia is permanently disabled and will not be able to return to his prior employment. Mr. Mejia was 33 years old at the time of his injury and earning approximately $4,400 per month. To date, Mr. Mejia has incurred over $100,000 in medical expenses.

6. Following the accident, Mr. Mejia hired the Fleming Law, P.C. to represent him in a personal injury action. With Mr. Mejia's permission, the Fleming Law Firm brought AW on as co-counsel. Through his counsel, Mr. Mejia has filed a lawsuit in state court that seeks damages for: past and future medical expenses; past and future loss of wages and loss of earning capacity; past and future physical impairment; past and future physical pain and suffering; past and future mental anguish; and, exemplary damages. Mr. Mejia's state-court lawsuit seeks monetary relief in excess of $30,000,000.

7. After AW was brought on as co-counsel, Mr. Mejia signed an engagement agreement with both AW and Fleming Law. Under the agreement, AW and Fleming Law are entitled to contingency fee of either 40% or 45% (depending on what stage of the litigation the case is resolved). The contingency fee will be worth millions.

8. The engagement agreement makes clear that AW and Fleming Law were jointly responsible for representing Mr. Mejia.

9. Mr. Mejia was not at all happy with the representation he received from AW. AW did very little to move Mr. Mejia's case forward. The AW attorney ostensibly in charge of the representation was Benny Agosto, Jr. But Mr. Agosto had almost no personal involvement on the case. Rather, he delegated the case to an associate attorney who, in August 2021, had been licensed to practice for less than three years. Fleming Law, on the other hand, staffed the case with lawyer who has over 35 years of experience in personal injury work.

10. AW failed to meet the standard of care in many respects. AW spent almost no time preparing Mr. Mejia for his deposition. In fact, Mr. Mejia deposition-prep consisted entirely of the young associate giving Mr. Mejia a pamphlet on "Rules of Depositions." AW failed to add a key defendant, even after lawyers at the Fleming Firm told AW to do so—and even after another defendant identified the key defendant as a "potential party."[1] AW failed to take necessary depositions. AW failed to designate relevant experts.

11. When it became clear that AW was not handling the representation well, Fleming Law attempted on multiple occasions to meet with AW. For weeks, between August and October 2022, Fleming Law requested copies of relevant documents and to be copied on correspondence with opposing counsel. AW ignored these requests, even though AW had previously agreed with Mr. Mejia that AW and Fleming Law were jointly responsible for the representation. Knowing that the lawyers at Fleming Law were growing increasingly frustrated with AW's handling of the case, and worried that they would share this frustration with Mr. Mejia, AW instructed Mr. Mejia to ignore phone calls from Fleming Law (i.e., from his own lawyers). At the same time, Mr. Agosto falsely told Fleming Law that Mr. Mejia was happy with AW's representation and that AW had to talk Mr. Mejia into not firing Fleming Law.

12. In October 2022, Mr. Mejia contacted Fleming Law and told Fleming Law that he was not happy with AW's representation and wished to terminate AW. Fleming Law was surprised by this revelation, given Mr. Agosto's previous comments.

13. On October 25, 2022, Mr. Mejia terminated AW in writing and requested that the file be transferred to Fleming Law. On November 1, 2022, AW prepared a copy of the file for Fleming Law. Upon information and belief, the file is incomplete. Notably, the file is missing

---

[1] The Texas Rules of Civil Procedure requires parties to disclose the identity of all potential parties. Tex. R. Civ. P. 194.2(b)(2).

internal discussions regarding Mr. Mejia's case. Under Texas law, a client's file is the client's property. Mr. Mejia was entitled to demand that AW transfer the whole file to Fleming Law, and AW was required to do so.

14. When Fleming Law obtained a copy of the file, it became apparent that AW had done very little to advance Mr. Mejia's case. Notably, AW had failed to add a key defendant, even though Fleming Law had told AW to do so months earlier and the state-court's scheduling order stated that new parties had to be added and served by November 9, 2022. Fleming Law also learned that in a year of litigating the case, AW had only taken one deposition—of an inconsequential witness—even though the scheduling order had a discovery cutoff in the first 1/3rd of 2023. The scheduling order also had a January deadline for expert designations., but AW had failed to retain several necessary experts. Because of AW's failure to cooperate with its co-counsel, Fleming Law was required to retain these necessary experts on a very short timeframe. In sum, AW's handling of Mr. Mejia's case was woeful.

15. Upon transferring the file to Fleming Law, AW indicated to Mr. Mejia's lawyers that AW believes it is entitled to 60% of any future contingency fee. AW's claim to a majority of the contingency fee harms Mr. Mejia for multiple reasons. First, Mr. Mejia has an interest in incentivizing his counsel to work and expend resources on his case. AW's claim to up to 27%[2] of any recovery hampers Mr. Mejia's ability to incentivize his counsel. Second, and more fundamentally, given Mr. Mejia's poor experience with AW, Mr. Mejia does not believe that AW should recover any amount—let alone 27%.

---

[2] The engagement agreement provides for a contingency fee of up to 45%, and it states that AW will recover 60% of any such recovery. Therefore under the agreement, AW could recover as much as 27% (60% of 45%) of any recovery.

## V.   CAUSE OF ACTION: BREACH OF CONTRACT

16.   Mr. Mejia incorporates by reference the preceding allegations of paragraphs 5–15 as if set out fully herein.

17.   Mr. Mejia and AW had a valid and enforceable contract. AW breached the contract in multiple respects. First, the contract required AW to "fully" "manage and handle, as deemed necessary, all claims and causes of action, suit or suits, that may grow out of the same, against any wrongful party, and to prosecute said causes for and on Client's behalf, with or without suit, and to recover all damages and compensation to which Client may be entitled." Mr. Mejia performed all his obligations under the contract, but, as explained above, AW fell woefully short of performing its contractual obligation. Mr. Mejia seeks all actual damages or, in the alternative, nominal damages and rescission of the contract.[3] Second, the contract required joint responsibility between AW and Fleming Law, but AW failed to cooperate with Fleming Law by, among other things described above, failing to prove Fleming Law with a full copy of Mr. Mejia's file. Mr. Mejia seeks specific performance of this obligation.

18.   Mr. Mejia seeks to recover attorney's fees and costs under Tex. Civ. Prac. & Rem. Code 38.001(b)(8).

## VI.   CAUSE OF ACTION: CONVERSION

19.   Mr. Mejia incorporates by reference the preceding allegations of paragraph 13 as if set out fully herein.

20.   Under Texas law, a client's file is the client's property. *See In re George*, 28 S.W.3d 511, 516 (Tex. 2000) ("The attorney is the agent of the client, and the work product generated by the attorney in representing the client belongs to the client."); Tex. Eth. Op. 670,

---

[3] Texas law allows a party to sue for nominal damages and rescission of a contract after a breach. *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 664–45 (Tex. 2009).

2018 WL 1583984, at *1 (Tex. Prof. Eth. Comm. 2018) ("Generally speaking, the documents in a client's file, whether in paper form or stored electronically, belong to the client and are part of the client's confidential information."). Mr. Mejia instructed AW to transfer the entire file to Fleming Law, but AW failed to do so. AW's unlawful retention of Mr. Mejia's property makes AW liable for the tort of conversion. Mr. Mejia seeks damages as well as injunctive relief in the form of an order requiring AW to turn over Mr. Mejia's property.

### VII. CAUSE OF ACTION: TORTIOUS INTERFERENCE

21. Mr. Mejia incorporates by reference the preceding allegations of paragraphs 5–11 as if set out fully herein.

22. Mr. Mejia had a contractual relationship with Fleming Law for representation in his state-court case. AW had agreed with Mr. Mejia that Fleming Law would be jointly responsible for the representation. Fleming Law attempted to help Mr. Mejia by lending the expertise of a lawyer with 35 years of experience in personal injury law. But AW tortuously interfered with that contractual relationship by: (1) withholding information from Fleming Law; (2) refusing to cooperate with Fleming Law; (3) instructing Mr. Mejia to ignore calls from Fleming Law; (4) keeping Mr. Mejia in the dark about the lack of adequate case development; and (5) falsely telling Fleming Law that Mr. Mejia was considering firing Fleming Law. This tortious interference caused Mr. Mejia harm because it deprived him of valuable representation from Fleming Law.

### VIII. CAUSE OF ACTION: SUIT FOR DECLARATORY JUDGMENT

23. Mr. Mejia incorporates by reference the preceding allegations of paragraphs 5–15 as if set out fully herein.

24. Under Texas law, a law firm that is fired for good cause cannot recover a contingency fee. *See Campbell v. Harrison & Dagley LLP v. Lisa Blue/Baron & Blue*, 843

F.Supp.2d 673, 686 (N.D. Tex. 2011). Similarly, when an attorney "commits a material breach of his contract of employment, he thereby forfeits all right to compensation." *Augustson v. Line Aerea Nacional-Chile S.A. (LAN-Chile)*, 76 F.3d 658, 662 (5th Cir. 1996) (quoting *Royden v. Ardoin*, 331 S.W.2d 206, 209 (Tex. 1960)). Here, Mr. Mejia fired AW for cause because of its failure to adequately represent him. Similarly, AW committed a material breach of the parties' contract by failing adequately represent him and failing to allow Fleming Law to participate in the representation—thereby depriving Mr. Mejia of Fleming Law's counsel.

25. A justiciable controversy has arisen between Mr. Mejia and AW because AW has claimed that it is entitled to receive 60% of the contingency fee in Mr. Mejia's state-court action. Therefore, Mr. Mejia seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201, declaring that AW was terminated for good cause, committed a material breach of it contract with Mr. Mejia, and is not entitled to any compensation arising from Mr. Mejia's state-court action.

## IX.   JURY DEMAND

26. Pursuant to U.S. Const. amend. VII and Fed. R. Civ. P. 38, Mr. Mejia demands a trial by jury.

## X.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that after a final trial on the merits the Court enter a judgment in favor of Plaintiff and against Defendant awarding Plaintiff the following:

i. Declaratory relief as requested above;

ii. Actual damages in such amount as may be shown by the evidence;

iii. Attorneys' fees and costs of court incurred in bringing this action;

iv. Prejudgment and post-judgment interest; and

8

v.  All other and further relief to which Plaintiff may be entitled in law or equity.

Respectfully submitted,

*/s/ Guillermo A. Alarcón*
**GUILLERMO A. ALARCÓN**
S.D. Tex. No. 3122674
State Bar No. 24099176
galarcon@abaustin.com
**ARMBRUST & BROWN, PLLC**
100 Congress Avenue, Suite 1300
Austin, Texas 78701
(512) 435-2300 – telephone
(512) 435-2360 – facsimile
*Attorney for Plaintiff Jose Mejia*